UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JENNIFER TRAVIS** | § | |
| **Plaintiff,** | § § § | |
| V. | § § | **CIVIL ACTION NO.** |
| **BOUTIQUE AIR** | § § | _____ |
| **Defendant.** | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Jennifer Travis now files this Original Complaint, as follows:

### I.   PARTIES

1. Plaintiff Jennifer Travis is an individual residing in Dallas County, Texas.

2. Defendant Boutique Air is a corporation doing business in Texas and may be served with process at its place of business, 5700 Airport Road, Denton, Texas 76207.

### II.   JURISDICTION

3. This court has original jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331 and 42 U.S.C. 2000e *et seq.* All jurisdictional prerequisites to filing suit have been met, Plaintiff having received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission and is filing this lawsuit within ninety (90) days of the receipt thereof.

### III.   VENUE

4. Venue is proper in this Court because the acts forming the basis of this lawsuit occurred in whole or in part in Dallas County.

## IV.   FACTS

5. Boutique Air is a commuter airline based in San Francisco, California and doing business in Denton, Texas and operating out of DFW Airport.

6. Ms. Travis went to work for Defendant in October 2016 as a records clerk.

7. Throughout her employment with Defendant, Ms. Travis was subjected to a barrage of harassing jokes, comments, and internet postings by Jason Hall, Shift Lead, related to her gender and appearance.

8. Ms. Travis complained of Hall's conduct to Henri Revel, in Human Resources, in January 2017. The Company took only superficial disciplinary action against Mr. Hall, requiring him to watch a sexual harassment video at his desk, about which he loudly complained while watching it.

9. The day after Ms. Travis made her complaint, Tommy Bloodworth, Site Manager and her direct supervisor, issued her two disciplinary actions. One was for taking paid time off to attend a funeral (other employees were not disciplined for using their PTO) and the other was for allegedly losing a key—one which never had been issued to her.

10. Bloodworth approached Ms. Travis on February 3, 2017 after issuing the discipline, saying that "All this doesn't have to be this way," and suggesting that they could "work something out after work," that that it "only takes five minutes with your hand."

11. Ms. Travis rejected this proposition. As a result of the constant harassment, culminating in this lurid request for sexual favors, Ms. Travis gathered her personal belongings and left work. She contacted Mr. Revel that day, saying that she would only return to work if there were significant changes to the working environment or if she were transferred. The Company refused such suggestions and instead terminated her employment on February 17, 2017.

### V.   CAUSE OF ACTION—SEX HARASSMENT UNDER TITLE VII

12.   Plaintiff incorporates paragraphs 1-11 herein by reference as if set forth in full.

13.   Plaintiff was subjected to severe and pervasive harassment based on her sex, female, culminating in the termination of her employment.  Such harassment destroyed her equal opportunity in the workplace, in violation of Title VII of the Civil Rights Act of 1964.

14.   As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, for which she sues herein.

15.   Defendant's conduct was willful and intentional, thus justifying the imposition of punitive damages.

16.   Plaintiff has been required to retain the undersigned counsel in order to assert his rights under Title VII of the Civil Rights Act of 1964, and therefore she is entitled to recover her reasonable and necessary attorney's fees.

### V.   CAUSE OF ACTION—RETALATION UNDER TITLE VII

17.   Plaintiff incorporates paragraphs 1-16 herein by reference as if set forth in full.

18.   Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964 by complaining of sex harassment to Human Resources.

19.   Defendant issued disciplinary action, harassed Plaintiff and ultimately terminated her employment in retaliation for him engaging in protected activity under Title VII.

20.   As a result of Defendant's unlawful conduct, Plaintiff has suffered damages, for which she sues herein.

21. Defendant's conduct was willful and intentional, thus justifying the imposition of punitive damages.

22. Plaintiff has been required to retain the undersigned counsel in order to assert his rights under Title VII of the Civil Rights Act of 1964, and therefore she is entitled to recover her reasonable and necessary attorney's fees.

## VI.   PRAYER

23. Plaintiff incorporates Paragraphs 1-22 herein by reference, as if set forth in full.

24. Plaintiff prays that the Court enter judgment in her behalf and declare that the actions of the Boutique Air described herein violate Title VII of the Civil Rights Act of 1964 and award Plaintiff her economic damages, compensatory damages, punitive damages, costs of court, and reasonable and necessary attorney's fees, with pre-and post-judgment interest at the highest rate permitted by law.

## VII.   JURY DEMAND

25. Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ R.S. Ghio
R.S. Ghio
Texas State Bar No. 00787531

**LAW OFFICE OF R.S. GHIO, P.C.**
301 S. Center St., Ste. 404
Arlington, Texas 76010
Tel.: Metro (817) 543-2557
rghio.rhinolaw@gmail.com

ATTORNEY FOR PLAINTIFF