IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER TRAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1654-C |
| | § | |
| BOUTIQUE AIR, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT BOUTIQUE AIR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant Boutique Air, Inc., responding to Plaintiff Jennifer Travis's Original Complaint with the following Answer and Affirmative Defenses:

**I. ADMISSIONS AND DENIALS**

1. The allegations in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2. The allegations in Paragraph 2 are denied as written. Defendant is a corporation organized under the laws of the State of California. Defendant was served with process in Dallas County, Texas.

3. Defendant admits Plaintiff has brought causes of action under the statutes listed in Paragraph 3 of the Complaint. Defendant admits further that this Court has original jurisdiction over Plaintiff's claims. Defendant denies any liability to Plaintiff and denies violation of the statutes. The allegation in Paragraph 3 pertaining to Plaintiff's receipt of a Dismissal and Notice

of Rights from the U.S. Equal Employment Opportunity Commission is denied, as Defendant lacks sufficient information to justify a belief therein.

4. Defendant admits venue is proper but denies any action for which liability could be had occurred.

5. The allegations in Paragraph 5 are denied as written. Defendant admits it is an aviation company based in San Francisco, California. Defendant admits it operates flights into and out of Dallas Love Field Airport in Dallas, Texas.

6. The allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 are denied as written. Defendant admits Plaintiff complained of a single incident involving her co-worker Jason Hall. Defendant promptly thereafter took appropriate disciplinary action against Mr. Hall.

8. Defendant admits Plaintiff complained to Henri Revel, Human Resources for Boutique Air, of a single incident involving her co-worker Jason Hall. Defendant admits that part of the disciplinary action taken against Mr. Hall required him to undergo harassment training, which involved reviewing and participating in online courses. The remaining allegations in Paragraph 8 are denied as written.

9. The allegations in Paragraph 9 are denied as written.

10. The allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 are denied as written. As soon as Defendant received Plaintiff's complaint via e-mail, Defendant initiated an investigation into Plaintiff's claims. Upon conclusion of the investigation, Defendant terminated the employment of one employee. In spite of the remedial action taken by Defendant and in spite of Defendant's

repeated efforts to encourage Plaintiff to continue her employment with the company, Plaintiff refused repeatedly to return to work.

12. Paragraph 12 of the Complaint does not require a response. To the extent a response is required, the statement is denied.

13. The allegations in Paragraph 13 are denied. Defendant denies any violation of or liability under Title VII of the Civil Rights Act of 1964, as amended.

14. The allegations in Paragraph 14 are denied. Defendant denies any unlawful conduct and denies Plaintiff has suffered any damages.

15. The allegations in Paragraph 15 are denied.

16. The allegations in Paragraph 16 are denied.

17. Paragraph 17 of the Complaint does not require a response. To the extent a response is required, the statement is denied.

18. The allegations in Paragraph 18 are denied as written. Defendant admits Plaintiff complained to Henri Revel of inappropriate behavior by a co-worker.

19. The allegations in Paragraph 19 are denied as written. Defendant took appropriate action in response to Plaintiff's complaints. Defendant in no way retaliated against Plaintiff. Rather, in spite of the prompt remedial action taken by Defendant, Plaintiff unreasonably refused to return to work.

20. The allegations in Paragraph 20 are denied. Defendant denies any unlawful conduct and denies Plaintiff has suffered any damages.

21. The allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 are denied.

23.   Paragraph 23 of the Complaint does not require a response. To the extent a response is required, the statement is denied.

24.   The allegations in Paragraph 24 are denied. Defendant denies any violation of or liability under Title VII of the Civil Rights Act of 1964, as amended. Defendant denies Plaintiff is entitled to an award of any of the damages sought in Paragraph 24.

25.   Paragraph 25 of the Complaint does not require a response.

## II. AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, without shifting the burden of proof on any issue for which Plaintiff bears the burden, Defendant pleads the following additional and/or affirmative defenses. To the extent any of the following defenses or legal theories may be interpreted as being inconsistent, they are pleaded in the alternative.

26.   Plaintiff fails to state a claim upon which relief can be granted.

27.   Plaintiff refused to return to her position with Boutique Air, Inc. She was not retaliated against for making a complaint against a co-worker.

28.   While denying any violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*), or any other applicable statute or law, whether common law or codified, should the Court or jury find that a violation occurred, Defendant affirmatively pleads that Defendant's decision to end Plaintiff's employment following Plaintiff's repeated refusal to return to work was a valid, legitimate, non-discriminatory, and non-retaliatory decision.

29.   While denying any violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*), or any other applicable statute or law, whether common

law or codified, should the Court or jury find that a violation occurred, Defendant affirmatively pleads that it did not act with malice or reckless indifference, such as would support an award of punitive damages.

30. Plaintiff did not engage in an activity protected under Title VII of the Civil Rights Act of 1964, as amended.

31. Defendant exercised reasonable care to prevent and correct promptly any discriminatory acts. However, Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Boutique Air, or to avoid harm otherwise.

32. While denying that Plaintiff engaged in a protected activity, should the Court or jury determine otherwise, Defendant affirmatively pleads that Plaintiff's purported protected activity was not the but-for cause of Plaintiff's separation from employment.

33. Plaintiff failed to mitigate her damages, if any.

34. While denying any violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*), or any other applicable statute or law, whether common law or codified, should the Court or jury find that a violation occurred, Defendant affirmatively pleads that it is entitled to offset an award of back pay by any and all wages, salary, benefits, and other compensation Plaintiff earned once she began working for another employer.

35. Defendant affirmatively asserts and invokes the limitations on liability for exemplary damages as provided in Chapter 41 of the Texas Civil Practice and Remedies Code. The limits of liability should be in conformance with the provisions therein.

36. Defendant affirmatively asserts and invokes the defense of proportionate responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code and ask the

trier of fact to determine the percentage of responsibility of each person or entity, whether or not joined in this lawsuit, for the injuries and/or damages about which Plaintiff complains.

37. Defendant specifically denies any act or omission on its part or the part of anyone for whom it may be responsible, which would justify any claim for exemplary or punitive damages. Any such claims against Defendant are in violation of the fourth, fifth, sixth, eighth, and fourteenth Amendments to the United States Constitution, and Article 1, Sections 3, 13, and 19 of the Texas Constitution. Such claims are arbitrary, unreasonable, and in violation of Defendant's right to due process and equal protection of the laws.

38. Defendant specifically denies any allegations of knowing conduct and other conduct which may form the legal basis for entitlement to the exemplary or punitive damages requested by Plaintiff. Defendant further denies that the acts or omissions alleged by Plaintiff would amount to malice. Defendant specifically denies that the alleged harm with respect to which Plaintiff seeks recovery of exemplary or punitive damages resulted from malice, willful act, or omission.

39. Plaintiff's claims are barred by applicable damage caps.

40. Plaintiff's claims are barred by the *Ellerth/Faragher* defense.

41. Defendant denies each and every allegation of material fact contained in Plaintiff's Original Complaint not previously admitted, denied, or otherwise qualified.

### III. PRAYER

WHEREFORE, premises considered, Defendant prays that after all due proceedings are had, that there be judgment in its favor and against Plaintiff with full prejudice and at Plaintiff's cost. Defendant further prays for an award in its favor for attorney's fees (including costs and

expert fees) incurred in the defense of this action as a prevailing party and as authorized by applicable law.

Respectfully submitted,

**THE MYERS LAW GROUP, LLP**

By:  */s/ Angella H. Myers*
Angella H. Myers
Texas Bar No. 24027229
amyers@myerslawllp.com
Janice S. Parker
Texas Bar No. 15488050
jparker@myerslawllp.com
Cynthia K. Rigney
Texas Bar No. 24075216
crigney@myerslawllp.com

8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
Telephone:  (972) 781-2400
Facsimile:   (972) 781-2401

**ATTORNEYS FOR DEFENDANT**
**BOUTIQUE AIR, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this, the 26th day of December, 2017, the foregoing document was served upon all counsel of record via Notice of Electronic Filing.

R.S. Ghio
Law Office of R.S. Ghio, P.C.
301 S. Center St., Ste. 404
Arlington, Texas 76010
rghio.rhinolaw@gmail.com

                 */s/ Cynthia K. Rigney*
                 Cynthia K. Rigney